**PRIMERICA FINANCIAL SERVICES, INC; and Primerica Life Insurance Company Plaintiffs**

v.

**Catherine COLEY Defendant**

**No. 2:02CV24-D-B.**

United States District Court, N.D. Mississippi, Delta Division.

March 20, 2002.

C. York Craig, III, Forman, Perry, Watkins, Krutz & Tardy, PLLC, Jackson, MS, for Primerica Financial Services, Inc., Primerica Life Insurance Company, plaintiffs.

Levi Boone, III, Boone Law Firm, Cleveland, MS, for Catherine Coley, defendant.

## OPINION DENYING PETITION TO COMPEL ARBITRATION

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' petition to compel arbitration pursuant to Section Four of the Federal Arbitration Act. In the petition, the Plaintiffs also seek to stay a state court proceeding brought in Bolivar County, Mississippi, by the Defendant against the Plaintiffs. Upon due consideration, the court finds that the petition should be denied.

### A. Factual and Procedural Background

On July 24, 1998, the Defendant Catherine Coley opened a mutual fund investment account with Primerica Financial Services Investments, Inc., a non-party to this litigation. In conjunction with the opening of this account, Coley purchased life insurance from the Plaintiffs Primerica Financial Services, Inc. and Primerica Life Insurance Company.[1] In connection with the opening of the mutual fund account, Coley signed a document entitled "Client Receipt/Agreement." The Client Agreement contains a mandatory arbitration provision, requiring that all claims or disputes between Coley and PFSI in connection with the mutual fund transaction be submitted to binding arbitration.

Subsequently, Coley commenced a civil action against PFS and PLIC, but not against PFSI, in the Circuit Court of Bolivar County, Mississippi, seeking monetary

damages for, *inter alia,* fraudulent misrepresentation in connection with Coley's purchase of life insurance from the Plaintiffs. Then, on February 4, 2002, the Plaintiffs filed a petition in this court, pursuant to Section Four of the Federal Arbitration Act, seeking an order compelling arbitration of Coley's claims and staying the pending state court proceedings. Thereafter, on February 13, 2002, Coley responded to the Plaintiffs' petition, effectively placing all substantive issues before the court for adjudication.

### B. Discussion

1. Standard for Compelling Arbitration

■ Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). Section Four of the FAA specifically contemplates that parties that are aggrieved by another party's failure to arbitrate under a written agreement may file an original petition in a United States District Court to compel that party to arbitrate their claims. 9 U.S.C. § 4 (1999). In addition, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10, 105 S.Ct. 852, 857, 79 L.Ed.2d 1 (1984); *Mouton v. Metropolitan Life Ins. Co.,* 147 F.3d 453, 456 (5th Cir.1998).

■ The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *R.M.*

---

1. Primerica Financial Services Investments, Inc. (PFSI), Primerica Financial Services, Inc. (PFS), and Primerica Life Insurance Company (PLIC) are affiliated companies; Citigroup, Inc. is the ultimate parent company of all three of the entities.

*Perez & Assocs., Inc. v. Welch,* 960 F.2d 534, 538 (5th Cir.1992). First, the court must determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257–58 (5th Cir.1996). Once the court finds that the parties agreed to arbitrate, it must then consider whether any federal statute or policy renders the claims nonarbitrable. *R.M. Perez,* 960 F.2d at 538. In conjunction with this inquiry, a party seeking to avoid arbitration must allege and prove that the arbitration provision itself was a product of fraud or coercion; alternatively, that party can allege and prove that another ground exists at law or in equity that would allow the parties' contract or agreement to be revoked. *Sam Reisfeld & Son Import Co. v. S.A. Eteco,* 530 F.2d 679, 680–81 (5th Cir.1976).

### 2. The Arbitration Agreement

The parties do not dispute that the Client Agreement at issue contains the following mandatory arbitration provision:

> [The parties (PFSI and Coley)] agree that unless unenforceable due to federal or state law, any controversy arising out of or related to [these] accounts, the transactions with [PFSI], . . . or related to this agreement or breach thereof, shall be settled by arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc.

Client Agreement at 1.

As for the first step in the court's analysis, whether all of the parties agreed to arbitrate the dispute in question, the court notes that the Plaintiffs, PFS and PLIC, are non-signatories to the Client Agreement.

■ The Fifth Circuit has made clear that a non-signatory to a contract containing an arbitration provision may compel arbitration against a signatory to the contract only if certain conditions are met: (1) when the signatory "raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract;" or (2) when the signatory "must rely on the terms of the written agreement in asserting its claims against the non-signatory." *Grigson v. Creative Artists Agency, L.L.C.,* 210 F.3d 524, 527 (5th Cir.2000); *see MS Dealer Serv. Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir. 1999) (cited with approval in *Grigson* and holding that a non-signatory may also compel arbitration when "the relationship between the signatory and non-signatory defendants is sufficiently close that only by permitting the non-signatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided."). In this case, the Plaintiffs assert that although they are non-signatories to the Client Agreement between Coley and the non-party PFSI, the Plaintiffs are nevertheless entitled to compel arbitration of Coley's claims against them. The court disagrees, and holds that none of the conditions required to be present before a non-signatory may compel arbitration are present in this case.

■ First, the signatory Coley has not raised allegations of "substantially interdependent and concerted" misconduct by both the non-signatory Plaintiffs, PFS and PLIC, and the signatory PFSI; indeed, PFSI is not a party to Coley's Bolivar County lawsuit. The complaint brought by Coley against the Plaintiffs in Bolivar County Circuit Court alleges solely that the Plaintiffs PFS and PLIC engaged in fraudulent practices concerning Coley's purchase of life insurance. Nowhere in Coley's complaint are there any charges

whatsoever directed towards PFSI's conduct in the mutual fund transaction. Rather, the complaint focuses solely on the Plaintiffs' conduct in connection with Coley's life insurance purchase. As the Fifth Circuit made clear in *Grigson*, only when a contract signatory raises allegations of substantially interdependent and concerted misconduct by both a non-signatory *and* one or more of the signatories to the contract may the non-signatory compel arbitration. *Grigson*, 210 F.3d at 527. Coley has not raised such claims in her state court litigation. Accordingly, the court finds that Coley has not raised allegations of a sufficient interdependent or concerted nature so as to allow the Plaintiffs to compel arbitration pursuant to *Grigson*.

Next, there is no evidence before the court indicating that Coley must rely on the terms of her agreement with PFSI in asserting her claims against the Plaintiffs. None of Coley's state court claims even remotely involve her dealings with PFSI, and she has not invoked the terms of her mutual fund account agreement in asserting claims against the Plaintiffs. As such, the non-signatory Plaintiffs cannot utilize the second *Grigson* condition to compel arbitration of Coley's claims.

Finally, the relationship between the Plaintiffs and PFSI, while obviously close, is not sufficiently close under these circumstances such that only by permitting the Plaintiffs to invoke arbitration may "evisceration of the underlying arbitration agreement" between Coley and PFSI be avoided. *MS Dealer Serv. Corp.*, 177 F.3d at 947. As previously noted, Coley's state litigation does not involve her agreement with PFSI, thereby foreclosing the Plaintiffs' ability to compel arbitration of Coley's claims on grounds of the Plaintiffs' corporate relationship with PFSI.

Accordingly, the court finds that the parties have not agreed to arbitrate Coley's pending state court claims. The arbitration clause at issue only covers any potential claims Coley may have against PFSI, and Coley has not asserted any such claims in the Bolivar County lawsuit. None of Coley's present claims, therefore, fall within the scope of the arbitration clause.

### C. Conclusion

For the above stated reasons, the Plaintiffs' petition to compel arbitration is denied and this cause is dismissed.

A separate order in accordance with this opinion shall issue this day.

### ORDER DENYING PETITION TO COMPEL ARBITRATION

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' petition seeking an order compelling arbitration (docket entry 1) is DENIED; and

(2) this case is CLOSED.